**Benjamin W. COREY, Defendant, Appellant,**

v.

**UNITED STATES of America,**
Appellee (two cases).

**Nos. 6405, 6046.**

United States Court of Appeals
First Circuit.

Heard Dec. 8, 1964.

Decided May 26, 1965.

**66**

Russell Morton Brown, Washington, D. C., with whom Maurice C. Goodpasture, Washington, D. C., Norris R. Karp, Boston, Mass., and Brown, Goodpasture & Block, Washington, D. C., were on brief, for appellant.

Thomas P. O'Connor, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and CAFFREY, District Judge.

WOODBURY, Senior Circuit Judge (by designation).

Adam John Mariani of Maynard and Benjamin W. Corey of Cambridge, both in the District of Massachusetts, were jointly indicted in 75 counts identical in wording except as to dates for knowingly making and presenting false, fictitious and fraudulent claims to the Department of the Army at its Watertown Arsenal in violation of Title 18 U.S.C. § 287. Both pleaded not guilty but Mariani retracted his plea, pleaded guilty and testified for the Government at Corey's trial by jury in the court below. Corey was found guilty on all counts, sentenced and took these appeals. One (No. 6046) is from the judgment of sentence, the other (No. 6405) is from the denial of his sworn motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. We shall consider the appeals in the order enumerated.

During the time involved, February through July, 1960, the appellant, Corey, was the president of Automotive Radio Company, Inc., a Massachusetts corporation doing business in Cambridge under the trade name of Hi-Fi Electronic Laboratories, or some similar name, the testimony is not specific, and Mariani was the supply and ordering officer for the Watertown Arsenal laboratories with authority to order items needed by that unit worth less than $100 from sources of his own selection. Mariani testified that early in 1960 he offered Corey a "cash proposition" which Corey accepted and suggested a 65–35 split of the proceeds, meaning 65% for Mariani and 35% for Corey, which Mariani accepted. Agreement to defraud reached, accomplishment followed soon. According to Mariani he would make out an order for merchandise and take it to Hi-Fi for Corey to sign, but instead of taking any merchandise he would return to the Arsenal, forge the signature of the receiving officer and put the voucher and Hi-Fi's bill in process for payment. Then, on his next trip to Hi-Fi Laboratories Corey would give Mariani his share of the proceeds in cash. This, in basic substance, is the fraudulent scheme as testified to by Mariani but denied in toto by Corey, who took the stand to deny doing anything but legitimate business with the Watertown Arsenal by delivering merchandise in accordance with Mariani's orders.

■■ The appellant does not question the adequacy of the evidence to support his conviction. His basic complaint is of the court's charge to the jury. However, the able counsel who represented Corey at the trial did not object to the charge but, after offering minor suggestions said, when asked by the court to put his objections in the record: "I would request you to make a more full description of what was said with respect to—I think—I think I am satisfied." This does not necessarily preclude consideration of errors in the charge although presented for the first time on appeal. While Criminal Rule 30 forbids assignment of any part of a charge as error unless distinct objection thereto is made before the jury retires, Criminal Rule 52(b) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We have accordingly ex-

amined the record but find no obvious error of sufficient magnitude to warrant an inference of a serious miscarriage of justice, to say nothing of any error seriously affecting the "fairness, integrity, or public reputation of judicial proceedings." See Lash v. United States, 221 F.2d 237, 240 (C.A.1, 1955), cert. denied, 350 U.S. 826, 76 S.Ct. 55, 100 L.Ed. 738 (1955), and cases cited.

■ In addition the appellant complains of the refusal of the court below to allow him to discredit Mariani's testimony by the following device: Mariani having testified that he was to receive and did receive 65% of the proceeds of the fraudulent scheme from Corey, the latter was asked when he took the stand in his own defense if he had declared in his income tax return the entire amount (100%) of the money he received from the Watertown Arsenal on the orders signed by Mariani. He said that he had. At this point an objection to the line of inquiry was sustained on the ground that it was not pertinent. What the defense wanted to show was that if Corey had returned all of the proceeds of the claims against the Arsenal as income, as he said he had, and the claims were false, federal and state income taxes would have amounted to 35%, leaving no net profit for Corey out of the scheme described by Mariani and hence indicating that Mariani's testimony was inherently implausible.

We think the trial court was well within its discretionary powers in refusing to allow proof of Corey's federal and state income tax liabilities for the year in question. The tendered evidence if true would not directly contradict any part of Mariani's testimony. Nor could it in any way whatever indicate his bias, hostility or incompetence. It would as much suggest Corey's lack of business acumen as Mariani's lack of credibility.

This being so, and able counsel for Corey at the trial having been given ample opportunity to discredit Mariani by extensive cross-examination, we think the trial court was well within its wide discretionary power to reject the proffered collateral evidence as insufficiently probative to warrant expenditure of the time and effort necessary for its production.

A further assertion of error in the admission of certain testimony of an admitted handwriting expert called by the Government, which we think for good reason was not objected to at the trial, is more ingenious than substantial. No useful purpose would be served by giving it serious discussion.

■■ We do not find it necessary to indulge in detailed discussion of the appellant's appeal from the denial of his motion for a new trial. It will be enough to say that the evidence sought to be adduced is not newly discovered but either was known or could readily have been discovered before trial. Furthermore, even if presented at another trial, we think it hardly likely that the evidence would produce a different result, for at the most it would only impeach Mariani's testimony as to a minor collateral matter, i. e., the depository in which he said he put the cash he said he received from Corey. The further allegation in the motion that there is need to examine under oath a person who was not a witness but who worked under Mariani at the Arsenal because it is said that she "participated in some way in the frauds perpetrated by Mariani," presents no ground for a new trial. Without even a supporting affidavit indicating the specific testimony the witness might be able to give, it is only a request to be allowed to go on a fishing expedition.

Judgment will be entered affirming the judgment and order of the District Court.